507 A.2d 917

John M. Gobao, Sr., Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Argued February 4, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Loudon L. Campbell, Calkins & Campbell,* for petitioner.

*Steven Wennberg,* Assistant Counsel, with him, *Joyce McKeever,* Chief Counsel, Professional and Occupational Affairs, and *David F. Phifer,* Chief Counsel, Department of State, for respondent.

OPINION BY SENIOR JUDGE KALISH, April 14, 1986:

Petitioner, John M. Gobao, Sr., petitions for review of an order of the State Real Estate Commission (Commission), which suspended his real estate broker's license for a period of one year. We reverse.

Petitioner was a real estate broker. In March, 1983, he pled guilty to one count of knowingly, intentionally, and unlawfully possessing cocaine with intent to distribute in violation of 21 U.S.C. §841(a)(1). He was sentenced to prison for a term of three years and served his sentence. Thereafter, he was charged with violating section 604(14) of the Real Estate Licensing Registration

Act (Act), Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. §455.604(14). At that time, this section provided for a hearing for the suspension or revocation of a license of any person convicted of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or any similar offense or offenses.

The Commission interpreted "similar offense" broadly. It determined that a similar offense is one which shares the common elements of the seven enumerated offenses in section 604(14) of the Act, 63 P.S. §455.604(14), namely the securing of money, property, or other advantage by socially repugnant means. The Commission concluded that petitioner's crime shared those elements, because by possessing cocaine with intent to distribute, he sought to obtain money by socially repugnant means.

Our scope of review of the Commission's determination is limited to an affirmance of the adjudication unless there is a violation of constitutional rights, an error of law, or a necessary finding of fact not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Petitioner contends that the offense of possession of a controlled substance with intent to distribute is not such an offense that authorizes suspension or revocation of a license. He further contends that it cannot be considered "a similar offense," within the meaning of the Act.

In determining the meaning of this provision, the evils which the Act was designed to correct or remedy should be considered, *Provident Life and Trust Co. v. Klemmer*, 257 Pa. 91, 101 A. 351 (1917), such as the fraudulent practices that had crept into the real estate practice. The penal provisions are to be construed strictly. *Pennsylvania State Real Estate Commission v.*

*Keller*, 401 Pa. 454, 165 A.2d 79 (1960). Thus, when the Act refers to "similar offenses" as a basis for disciplinary action, it shows an intent to mean those crimes involving the fraudulent practices that had crept into the practice of the real estate profession, such as embezzlement, which is now referred to in section 4113 of the Crimes Code, 18 Pa. C. S. §4113, as the misappropriation of entrusted property. Section 604(14) of the Act, 63 P.S. §455.504(14), was not intended to cover a felony such as possession of a controlled substance with intent to deliver. In fact, the legislature did not amend the Act to include "any felony" until 1984.[1] The type of offense considered here is entirely dissimilar to the enumerated offenses.

We believe that the Commission erred in holding that petitioner's offense was a similar offense to those offenses enumerated in section 604(14) of the Act. Accordingly, we reverse the order of the Commission.

## ORDER

Now, April 14, 1986, the order of the State Real Estate Commission, File No. 82-RE-1486, dated June 10, 1985, is reversed.

Judge PALLADINO dissents.

---

[1] On March 29, 1984, section 604(14) of the Act, 63 P.S. §455.604(14), was amended by inserting "of any felony" after "or any similar offense or offenses." Section 12 of the Act of March 29, 1984, P.L. 162.