588 A.2d 588

**Ronald J. RINCK, Petitioner,**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE REAL ESTATE COMMISSION,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided March 19, 1991.

484

Ronald J. Rinck, pro se.

Steven Wennberg, Counsel, with him, Joyce McKeever, Chief Counsel, and Pamella J. Raison, Chief Counsel, Harrisburg, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Ronald Rinck petitions for review of a State Real Estate Commission (Commission) order revoking his real estate licenses and instructor approval.[1] We affirm the Commission's decision.

On June 13, 1989, Rinck was convicted in the Berks County Common Pleas Court on a felony charge of possession of cocaine with intent to deliver, in violation of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act)[2].

The Commission subsequently issued an order to show cause to Rinck, stating that he was subject to disciplinary action under Section 604(a)(14) of the Real Estate Licensing and Registration Act (Act).[3]

1. Rinck possessed five inactive real estate licenses: a broker's license, two branch office licenses, an associate broker's license, a salesperson's license. He was a Commission-approved real estate instructor.

2. Act of November 26, 1978, P.L. 1392, *as amended*, 35 P.S. § 780–113(a)(30).

3. Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. § 455.-604(a)(14).

On October 27, 1989, Rinck filed an answer in which he admitted the facts of the show cause order. The Commission's counsel filed a "motion for judgment on the pleadings," requesting that Rinck's licenses be suspended for three years. Rinck did not respond to the motion.

On January 17, 1990, the Commission found Rinck to be subject to disciplinary action under Section 604(a)(14) of the Act and allowed him twenty days to request a hearing to present mitigating evidence on the penalty to be imposed. Rinck never requested a hearing and did not communicate further with the Commission about his disciplinary proceedings. On April 19, 1990, the Commission revoked all of Rinck's real estate licenses and instructor approval.

On May 3, 1990, Rinck sent a letter to the Commission, which it treated as a petition for rehearing and reconsideration of the revocation order. The Commission responded by letter to Rinck notifying him that jurisdiction of his petition lies in this Court.[4]

Rinck has raised numerous points of contention for our consideration, which in essence can be reduced to three issues: (1) whether Rinck waived his right to a hearing to present mitigating evidence; (2) whether he was put on notice that his licenses could be revoked as a result of the Commission's disciplinary proceedings; and (3) whether the Commission abused its discretion by classifying Rinck's drug conviction as a felony and thus subjecting him to disciplinary action under the Act.

■ First, we address Rinck's argument that his due process rights were violated because he was not permitted an opportunity to present evidence of mitigating factors. The record contains evidence to the contrary.

Rinck was served with the Commission's order to show cause that alleged he was convicted of a felony drug .

---

4. Our scope of review is limited to a determination of whether the Commission committed an abuse of discretion, error of law, or made findings of fact which are not supported by substantial evidence. *Shenk v. State Real Estate Commission*, 107 Pa.Commonwealth Ct. 48, 527 A.2d 629 (1987).

charge. He was directed to file an answer to these allega-tions. The Commission's order provided, in pertinent part:

> If [Rinck] desires a formal administrative hearing, at which he may defend against the allegations in the Order to Show Cause or to present evidence in mitigation of any penalty which may be imposed upon [Rinck's] license, a written request for hearing must be filed within thirty (30) days of this Order. IF [RINCK] FAILS TO FILE A WRITTEN REQUEST FOR HEARING WITHIN THIR-TY (30) DAYS OF THIS ORDER, [RINCK] WILL BE DEEMED TO HAVE WAIVED HIS RIGHT TO A HEARING AND FINAL JUDGMENT MAY BE EN-TERED WITHOUT A HEARING.

In responding to this order to show cause, Rinck admitted the allegations of the Commission's order, and set forth the mitigating factors in his defense. The mitigating factors included his admission of his alcohol and cocaine addictions; the fact that he has abstained since his arrest and is now a member of Alcoholics Anonymous; and the fact that he needs his real estate licenses to earn a living. (Answer to Commission's Order to Show Cause, October 24, 1989, pp. 2–3). However, Rinck failed to request a hearing to present such evidence of mitigating factors.

Rinck was subsequently served with a copy of the Com-mission's motion, to which Rinck did not respond. After the Commission entered an order finding Rinck subject to disci-plinary action, Rinck again failed to request a mitigation hearing within the prescribed twenty-day period, despite clear instructions to do so in the order.[5] The Commission argues that Rinck received ample notice of the pendency of proceedings against him, and by failing to request a hearing

5. [Rinck] shall have 20 days from [the] mailing date of this order to request a hearing to present mitigating evidence regarding the penalty to be imposed by the Commission. If no request for a hearing is made, the Commission will render its decision without a hearing. Order of the Commonwealth of Pennsylvania Department of State, Bureau of Professional and Occupational Affairs, No. 89–56–01810, January 17, 1990.

to present alleged mitigating factors, Rinck has waived his right to present such evidence. We agree.

Second, Rinck argues that he was not put on clear notice that his licenses could actually be revoked, since the prosecuting attorney informed him that a three-year suspension was recommended to the Commission. (Petitioner's Brief, pp. 9, 18). Once again, the record is replete with evidence to the contrary. In its order to show cause, under the heading "Penalties", the Commission set forth the following, in pertinent part:

If the Commission finds that Factual Allegations set forth herein to be true and correct, and determines that [Rinck] has engaged in conduct prohibited by the Act, the Commission may in its discretion impose one or more of the following Penalties:

1. The *revocation,* suspension or other restriction of [Rinck's] license to practice as a real estate broker in the Commonwealth of Pennsylvania, or the imposition of a reprimand upon [Rinck's] permanent record. (emphasis added).

Rinck was thereby made aware of the range of penalties he was facing.

In its order to show cause, the Commission noted its discretion to impose these penalties and gave no indication that it was bound by a recommendation of the prosecuting attorney. While Rinck may have been content to settle for a three-year suspension of his licenses, he had no reason to believe that such a recommendation established a maximum penalty for his offenses. *Vogelman v. State Board of Funeral Directors,* 121 Pa.Commonwealth Ct. 455, 550 A.2d 1367 (1988).

Finally, Rinck contends that the Commission abused its discretion by subjecting him to disciplinary action. He argues that under *Gobao v. State Real Estate Commission,* 96 Pa.Commonwealth Ct. 341, 507 A.2d 917 (1986), Section 604(a)(14) of the Act[6] proscribes only those felonies

6. **Prohibited acts**

(a) The commission shall have power to refuse a license or registration certificate for cause or to suspend or *revoke a license* . . . where a

that are similar to the seven offenses enumerated therein. Rinck argues that the intention of the Act, as interpreted in *Gobao*, was to exclude felony possession offenses from the list of sanctionable acts in Section 604(a). The Commission argues that by adding the words "or any felony" after "or any similar offense" to Section 604(a)(14) in 1984, the General Assembly did not intend to limit the number or type of felonies proscribed. We agree.

The Commission, in its adjudication and order of April 19, 1990, stated that Rinck was convicted on a charge of possession of a Schedule II controlled substance[7] with intent to deliver, in violation of the Drug Act. Section 113(f)(1) of the Drug Act, 35 P.S. § 780–113(f)(1), provides that any person who commits this type of violation with respect to a Schedule II controlled substance, is guilty of a felony. Therefore, the Commission's disciplinary action for Rinck's possession of cocaine with intent to deliver, is authorized by Section 604(a)(14) of the Act, which provides in pertinent part, "the commission shall have the power to ... revoke a license ... where a licensee is found guilty of ... being convicted of ... any felony." 63 P.S. § 455.-604(a)(14).

The Commission's findings in its adjudication and order are fully supported by the record, and provide a sound assessment of the present matter. The Commission stated in its decision:

> ... The seriousness of [Rinck's] offense, coupled with [Rinck's] prior disciplinary record, leads the Commission to conclude that [Rinck] is lacking the good moral character that must be a threshold attribute of anyone licensed

*licensee* or registrant, in performing or attempting to perform any of the acts mentioned herein, *is found guilty of:*

(14) *Being convicted* ... of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or any similar offense or offenses, *or any felony....* 63 P.S. § 455.604(a)(14) (emphasis added).

**7.** 35 P.S. § 780–104(2)(i).

to practice real estate in Pennsylvania and that the revocation of his real estate licenses is, therefore, an appropriate penalty. That the revocation of [Rinck's] licenses may deprive him of his livelihood is not a matter to which the Commission will assign mitigating weight. Loss of income is always a possible consequence when a licensing board imposes the penalty of revocation or suspension. In any event, [Rinck] offered no explanation why he would not be able to seek other employment, including real estate-related employment (e.g., title abstracting, mortgage origination), upon his release from prison.

While this court is duty bound to correct abuses of discretion, we will not substitute our discretion for that of the Commission absent a clearly unreasonable exercise of judgment by that administrative body. *Pastorius v. State Real Estate Commission*, 77 Pa.Commonwealth Ct. 642, 466 A.2d 780 (1983). Though the Commission did not specifically address every mitigating factor argued by Rinck, its failure to do so is not fatal since the adjudication is sufficiently detailed to enable our appellate review. *Shenk* (citing *Carr v. State Board of Pharmacy*, 48 Pa.Commonwealth Ct. 330, 409 A.2d 941 (1980)).

We affirm the decision of the Commission.

## ORDER

Now, March 19, 1991, the order of the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs, State Real Estate Commission, No. 89–56–01810, dated April 19, 1990, is affirmed.