603 A.2d 284

PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR
CONTROL ENFORCEMENT, Appellant,

v.

BEER & POP WAREHOUSE, INC., Appellee.

BEER & POP WAREHOUSE, INC., Appellant,

v.

PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR
CONTROL ENFORCEMENT, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1991.

Decided Jan. 31, 1992.

356

Stanley J. Wolowski, Asst. Counsel, for appellant/appellee, Pennsylvania State Police, Bureau of Liquor Control Enforcement.

Roslyn M. Litman and Martha S. Helmreich, for appellee/appellant, Beer & Pop Warehouse, Inc.

Before DOYLE, and SMITH, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

Before us is an appeal by the Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) and a precautionary cross-appeal by the Beer & Pop Warehouse, Inc. (Licensee) from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Pennsylvania Liquor Control Board (Board) which had affirmed a determination of an Administrative Law Judge (ALJ) imposing a fifty-dollar fine on Licensee.

The case began when, after an investigation, the Bureau issued a citation alleging that Licensee had violated Section 493(18) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–493(18). That Section pertinently provides:

It shall be unlawful — ... [f]or any restaurant, hotel or club liquor licensee, or any importing distributor, distributor or retail dispenser, or the servants, agents, or employes of such licensees, to display on the outside of any licensed premises or to display any place within the licensed premises where it can be seen from the outside, any advertisement whatsoever referring, directly or indi-

rectly, to the price at which the licensee will sell liquor or malt or brewed beverages.

The ALJ made the following pertinent findings:

4. On September 30, 1987, at approximately 1:20 p.m., Officers Flannery and Cangey of the "Bureau of Enforcement" were driving on Noblestown Road past the licensed establishment and observed a gold trailer, approximately 40 feet in length bearing the following sign in 4 foot high letters: "Beer World. Lowest Prices."

5. This trailer was located in the parking lot of a mini shopping mall approximately 30–35 yards from the entrance of the distributorship.

6. In addition to the licensed distributorship, there is a card shop and an office building in this mini mall.

7. The area where the trailer was located was not part of the licensed premises.

8. "Licensee" advertises under the name of "Beer World."

The ALJ then concluded that because Licensee had not displayed any advertisement "on the outside of the licensed premises," *i.e.*, no advertising was physically attached to the outside of Licensee's building, no violation of Section 493(18) had been shown.[1] He went on, however, and sua sponte found a violation of Section 498(a) of the Liquor Code,[2] 47 P.S. § 4-498(a), for which no citation had been issued. This Section provides:

No manufacturer, wholesaler, retailer or shipper whether from outside or inside this Commonwealth and no licensee under this act shall cause or permit the advertising in any

---

1. While, because of his disposition, it was unnecessary for the ALJ to do so, he also decided that Section 493 was not unconstitutional on the basis that it impinged upon free speech or was impermissibly vague. We do not address whether the ALJ or the Board had the authority to pass upon a facial constitutional challenge. But we do note that such issue need not be preserved before a governmental unit whose adjudication is reviewed by this Court on the basis of a petition for review (as opposed to the appeal from a trial court and the notice of appeal properly used here). *See* Pa. R.A.P. 1551.

2. Section 498 was added to the Liquor Code by Section 86 of the Act of June 29, 1987, P.L. 32.

manner whatsoever of the price of any malt beverage, cordial, wine or distilled liquor offered for sale in the Commonwealth: Provided, however, That the provisions of this section shall not apply to price signs or tags attached to or placed on merchandise for sale within the licensed premises in accordance with rules and regulations of the board.

Accordingly, he imposed a fifty-dollar fine. Licensee appealed to the Board.

On appeal the Board, *inter alia,* rejected the same constitutional arguments Licensee had raised before the ALJ, *see, supra* note 1, and further held that although Licensee had never been cited with a violation of Section 498(a) there was no constitutional due process violation because "[t]he conduct placed in issue would have been precisely the same had the Citation alleged [a] violation of Section 498." *Beer & Pop Warehouse, Inc.* (No. 87–3079, filed March 1, 1990), slip op. at 3. Further, it agreed with the ALJ that no violation of Section 493(18) had been proved. Consequently, it affirmed the ALJ's decision. Licensee thereafter appealed to the court of common pleas.

That court determined that it was not empowered to grant de novo review in this case but instead confined its review to determining whether the findings of the ALJ were supported by substantial evidence and whether errors of law had been committed. The court then held that the ALJ had erred in sua sponte finding a violation of Section 498 of the Code, and that on the merits, there was no substantial evidence to support a finding that Section 498(a) had in fact been violated.

The Bureau then filed an appeal with this Court. In its appeal it asserts that it did meet its burden to demonstrate a violation of Section 493(18) and/or Section 498(a) and that no due process violation occurred when the ALJ raised the Section 498(a) violation sua sponte. Licensee has filed a precautionary cross-appeal again raising its free speech and vagueness constitutional challenges and further asserting that it was entitled to a de novo hearing before the trial

court. It readily concedes, however, that if we affirm the trial court's order it will not be necessary to decide the issues it has raised. Accordingly, we shall first examine the Bureau's contentions.

The Bureau maintains that it did meet its burden to prove a violation of Section 493(18). The major dispute here concerns a question of statutory interpretation. The Bureau asserts that the phrase "on the outside of any licensed premises" does not require that the advertising in question be physically attached to the licensed premises. Licensee, of course, disagrees.

▮▮▮▮ Where, as here, a statute is not entirely free from ambiguity resort to the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, is necessary. We are told in Section 1921(a) of that Act, 1 Pa.C.S. § 1921(a), that "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." *Id.* Further, the sections of a statute must be construed with reference to the entire statute. *Snyder v. Department of Transportation*, 64 Pa.Commonwealth Ct. 599, 441 A.2d 494 (1982). This is true even if a particular statute or section makes no specific reference to another. *Turner v. May Corp.*, 285 Pa.Superior Ct. 241, 427 A.2d 203 (1981). It is for this reason that we find examination of subsection 19 of Section 493 to be helpful. That subsection provides:

> It shall be unlawful ... [f]or any retail liquor licensee or any retail dispenser, distributor or importing distributor, to display in any manner whatsoever on the outside of his licensed premises, *or any lot of ground on which the licensed premises are situate,* or on any building of which the licensed premises are a part, a sign of any kind, printed, painted or electric, advertising any brand of liquor or malt or brewed beverage, and it shall be likewise unlawful for any manufacturer, distributor or importing distributor, to permit the display of any sign which advertises either his products or himself on any lot

of ground on which such licensed premises are situate, or any building of which such licensed premises are a part. (Emphasis added.)

From the emphasized language above it is evident that the legislature knows full well how to express itself when it wishes to establish an area-wide advertising ban as opposed to a more limited one. Accordingly, we hold that the ALJ correctly determined that the Bureau had not proved a violation of Section 493(18). We also note that our interpretation is in accordance with the Board's [3] (which affirmed the decision of the ALJ in this regard) and that under Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(8), an agency's interpretation of its own statute is entitled to great weight. *Spicer v. Department of Public Welfare*, 58 Pa.Commonwealth Ct. 558, 428 A.2d 1008 (1981).

We now move to a consideration of whether the Bureau has proved a violation of Section 498. Under this Section it must demonstrate, inter alia, that Licensee caused or permitted the prohibited advertising. A licensee permits a violation if he acquiesces by failing to prevent it. *Pennsylvania Liquor Control Board v. Althouse*, 94 Pa.Commonwealth Ct. 141, 503 A.2d 90 (1986).

At the hearing the only individual to testify was Officer Flannery, who had witnessed the sign. In addition to providing the evidence which forms the basis for the above-quoted findings of fact, this individual admitted on cross-examination that there were other establishments which used the parking lot where the trailer and sign were located (N.T. 8–9); that he did not know whether the parking lot was part of the premises leased to Licensee (N.T. 9); that he did not know who the owner of the trailer was (N.T. 10); that he did not know who put the trailer and sign in the parking lot (N.T. 10); that anyone using any of the estab-

3. Had the Legislature intended Section 493(18) to apply to the facts presented in the instant case, it would have included similar language. The inclusion of the emphasized language in subsection (19) as contrasted with the absence of such language in subsection (18) demonstrates a clear legislative intent. Board opinion, page 3.

lishments connected with the mini mall parking lot could park there (N.T. 11); that he did not know how long the trailer had been there (N.T. 15, 20); that he had nothing to connect the trailer with Licensee or its agents or servants (N.T. 15); and, *that other establishments within the area also advertised under the name "Beer World"* (N.T. 16).

We hold that the evidence does not as a matter of law demonstrate that Licensee caused or permitted the violation of Section 498. In addition to the weaknesses pointed out above, there is no indication as to how long the trailer even remained in the parking lot. In order for Licensee to have acquiesced in a violation of the Liquor Code it would have needed at least to have been aware that the trailer was in a lot. There is simply no evidence that it was. Because we believe that under *Altman* the Bureau has not demonstrated acquiescence, we need not reach Licensee's due process issue.

In light of our decision that the trial court was correct in concluding that the Bureau had not met its burden to prove a violation of Section 498 of the Liquor Code, we need not reach Licensee's arguments in its cross-appeal and shall dismiss that appeal as moot.

Affirmed.

## ORDER

NOW, January 31, 1992, the order of the Court of Common Pleas of Allegheny County which reversed the Board's imposition of a penalty is hereby affirmed. It is further ordered that the cross-appeal filed by Beer & Pop Warehouse, Inc., docketed in this Court at No. 855 C.D. 1991, is dismissed as moot.