617 A.2d 841

**Om P. BHALA, Petitioner,**

v.

**STATE REAL ESTATE COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided Nov. 18, 1992.

Om P. Bhala, petitioner, for himself.

Steven Wennberg, for respondent.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

Om P. Bhala (applicant), proceeding pro se, appeals from an order of the State Real Estate Commission (Commission) which denied his application to sit for the real estate broker's license examination. We affirm.

On July 28, 1990, the applicant applied to sit for the real estate broker's license examination. Following a review of his application by the Commission's Examination Committee on September 10, 1990 and a personal interview by a Commissioner on November 26, 1990, the Commission held a formal hearing on his application on February 13, 1991.

The applicant testified before the Commission and offered into evidence his application and a letter dated November 27, 1990, from him to the interviewing Commission regarding his real estate experience. This evidence indicated that the applicant has been licensed as a salesperson since May 12, 1982, and had been affiliated with three real estate agencies. It further indicated that he managed three residential properties containing sixteen units and one industrial property containing one unit for varying periods of time between April 1982 and February 1991 and that he had sold two of these properties. It also revealed that he had earned bachelor's degrees in physics, mathematics and mechanical engineering and masters degrees in business administration and mechanical engineering and that he is a certified financial planner.

By adjudication and order dated April 27, 1992, the Commission found that each of the listed properties was owned by a different investment partnership for which the applicant was the managing partner. The Commission concluded that the applicant had not satisfied the real estate experience requirement and ordered the denial of his application.

In its discussion the Commission explained that although it credited the applicant with the sale of two properties it did not credit the property management activities, characterizing these activities as consistent with those of a part-time real estate investor, rather than a full-time real estate profession-

al.[1] The Commission further explained that the number of units managed was "too small to have provided [the applicant] with meaningful exposure to the knowledge and skills required of a real estate broker and cannot be considered 'substantial, full-time work' under the Commission's guidelines." The Board noted that pursuant to Section 304(1) of the Real Estate Licensing and Registration Act (RELRA)[2] a real estate license is not required for a partner to manage or sell partnership property.

The issue raised on appeal is whether the Commission erred in denying the applicant to sit for the examination.[3] Our scope of review on appeal is limited to a determination of whether findings of fact are supported by substantial evidence, whether an error of law has been made, or whether the Commission committed an abuse of discretion. *Rinck v. Bureau of Professional and Occupational Affairs, State Real Estate Commission,* 138 Pa.Commonwealth Ct. 483, 588 A.2d 588 (1991).

The applicant argues that the Commission erred or abused its discretion in concluding that he had failed to satisfy the prerequisites to sit for the examination. He asserts that his property management experience is "substantial" work which tallies to more than 200 "experience points."[4] He contends that the Commission's line of questioning evidenced bias favoring sales, rather than management, of property. He also

1. The Commission did not credit the applicant with the management of seven New Jersey properties because he had not documented these activities and because he had testified that he neither held an ownership interest in these properties nor possessed a real estate license as required by New Jersey law.

2. Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. § 455.304(1).

3. The applicant baldly asserts that the delay between the submission of his application and the issuance of the Board's order was "unnecessary" and that the experience requirement is discriminatory, but does not list these matters in the Statement of Questions Involved and offers no supporting argument.

4. The applicant's brief contains reference to additional real estate activities conducted subsequent to the hearing. Whether or not these activities would qualify the applicant to sit for the examination is a determination to be made by the Commission, not this Court, upon submission of an amended application.

maintains that the Commission failed to assign value to his educational background.

Section 511(4) of the RELRA requires that in order to qualify for the broker's license examination

[t]he applicant shall have been engaged as a licensed real estate salesperson for at least three years or possess educational or experience qualifications which the commission deems to be the equivalent thereof.

63 P.S. § 455.511(4). However, the mere possession of a salesperson's license for three or more years does not automatically qualify a person to sit for the examination. Rather, Section 35.271(a)(3) of the Pennsylvania Code, the companion regulation, stipulates that an applicant who seeks to qualify must

[h]ave worked at least 3 years as a licensed salesperson *with experience qualifications that the Commission considers adequate for practice as a broker,* or possess at least 3 years of other experience, education, or both, that the Commission considers the equivalent of 3 years' experience as a licensed salesperson.

49 Pa.Code § 35.271(a)(3) (emphasis added). The Commission employs a point system to apprise applicants of the nature and quantity of real estate experience which the Commission considers adequate for practice as a broker.[5]

---

**5.** In relevant part, the document entitled DRAFT POLICY STATEMENT provides as follows:

§ 35.271.1 *Evaluation of experience qualifications of candidate for broker's examination—Statement of Policy.*

The Commission will apply the following guidelines in determining whether a candidate for the broker's examination has fulfilled the experience requirement set forth in Section 511(4) of the Act, 63 P.S. § 455.511(4), and § 35.271(a)(3) of this subchapter.

(a) *Candidates with three years' full-time experience as licensed real estate salesperson:*

(1) A candidate may be considered to have fulfilled the requirement if he has achieved at least 200 "experience points"
. . . .

(2) Points are awarded for the following areas of practice"

(i) *General brokerage:* . . . .

(ii) *Appraisal assistance:* . . . .

(iii) *Property management assistance:* 6 points for each month of substantial, full-time work. . . .

The applicant relies on his property management activities as qualifying experience. The standard applicable to property management demands that it be "substantial, full-time work." The applicant's testimony in response to the Commission members' inquiries regarding his activities was sketchy and evasive and failed to evidence that these activities were conducted on a full time basis and to the requisite degree of substantiality. Further, at no relevant time did the applicant advise the Commission that he sought consideration of his educational background as the equivalent of real estate experience or offer testimony supporting the relevance of the disparate subject matters to the conduct of real estate activities.

As an administrative board composed of seasoned real estate professionals possessing special skills and expertise, the Commission drew upon its experience in applying the standards to determine the qualifications of the applicant. Its conclusion that the applicant's documented real estate experience did not constitute adequate preparation for practice as a broker does not demonstrate reversible error or an abuse of discretion.

Accordingly, the order of the Commission is affirmed.

## ORDER

AND NOW, this the 18th day of November, 1992, the order of the State Real Estate Commission in the above-captioned matter is hereby affirmed.