620 A.2d 578

William H. BUNCH, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE BOARD OF AUCTIONEER EXAMINERS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided Jan. 14, 1993.

Reargument Denied March 11, 1993.

Jean B. Green, for petitioner.

Deborah B. Eskin, for respondent.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

William H. Bunch appeals from the order of the State Board of Auctioneer Examiners (Board) that revoked his license to practice as an auctioneer. We reverse and remand.

Bunch pleaded guilty to a violation of Section 1 of the Sherman Antitrust Act (Sherman Act), 15 U.S.C. § 1, for bid pooling.[1] The Commonwealth issued an order upon Bunch to show cause why his license should not be revoked or suspended pursuant to Section 26(a) of the Auctioneer and Auction Licensing Act (Act), Act of December 22, 1983, P.L. 327, *as amended,* 63 P.S. § 734.26(a). Section 26(a) of the Act provides:

Where, during the term of any license issued by the board, the licensee is convicted in a court of competent jurisdiction in this or any other state of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud or *other like offense* and a duly certified or exemplified copy of the record in the proceeding is filed

---

1. Bid pooling is a conspiracy among art or antique dealers to refrain from bidding against each other to obtain items at artificially low prices.

with the board, the board shall revoke or suspend the license issued to the licensee.

(Emphasis added).

Bunch filed an answer in which he admitted to having pleaded guilty to a felony violation of Section 1 of the Sherman Act, for bid pooling, that he had been sentenced to pay a fine of $1,000.00, was placed on probation for two years and ordered to perform 100 hours of community service. However, Bunch denied that bid pooling is a "like offense" so as to trigger the sanctions set forth in Section 26(a) of the Act.

After a formal hearing, the Board issued an order, concluding that Section 26(a) of the Act required either revocation or suspension of Bunch's license because he was convicted of bid pooling, a "like offense" to the other enumerated offenses in Section 26(a) of the Act. The Board held that:

> [T]he facts of this case demonstrate that bid pooling is a fraudulent practice, a deceit against the auction process and against both auctioneer and consignor. Bid pooling, like all of the crimes specified in Section 26(a) of the Act, ..., involves a fraudulent practice which undermines the integrity of the profession and impugns the moral character of the perpetrator.

(Board order at 13, 180a).

On appeal,[2] Bunch argues that the Board's finding that a violation of Section 1 of the Sherman Act is a "like offense" that triggers application of Section 26(a) of the Act is not supported by the evidence and that the revocation of his license was disproportionate under the circumstances. Bunch also argues that the process used by the Board under Section 20(a) of the Act, 63 P.S. § 734.20(a), is unconstitutional because it commingles the prosecutorial and adjudicatory functions of the Board.

█ Bunch contends that bid pooling is not a "like offense" to forgery, embezzlement, obtaining money under false pre-

---

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

tenses, extortion or conspiracy to defraud, the specific offenses listed in Section 26(a) of the Act. The Board found that bid pooling was most like a conspiracy to defraud, in that both bid pooling and conspiracy to defraud were calculations to deprive another of property by fraud, deceit or artifice. The Board was guided by our analysis in *Gobao v. State Real Estate Commission,* 96 Pa.Commonwealth Ct. 341, 507 A.2d 917 (1986). In *Gobao,* we held that when considering whether an offense was a "like" offense, the Commission had to consider the "evils which the Act was designed to correct ... such as the fraudulent practices which have crept into the real estate practice." *Id.* at 343, 507 A.2d at 918. In considering the evils which the Act was designed to prevent, the Board here found that by listing specific offenses and other like offenses, the General Assembly was aiming at actions which deprive persons of property or interest by fraud or deceit. We are not empowered to contravene an agency's interpretation of its own regulations. *Slawek v. Board of Medical Education and Licensure,* 526 Pa. 316, 586 A.2d 362 (1991).

■ Bunch stresses, however, that the Act should not apply because he was convicted for bid pooling as a buyer at auctions and not as an auctioneer. While Bunch was merely a buyer, his conviction for bid pooling occurred during his licensure as an auctioneer. Section 26(a) of the Act, requires the board to revoke or suspend a licensee's license when the licensee is convicted of one of the enumerated offenses or a "like offense" during the term of any license issued by the Board. In determining that bid pooling was a "like offense" and that Bunch's conviction occurred during the term of his licensure as an auctioneer, the Board was required to either revoke or suspend his license under Section 26(a) of the Act.

■ Next, Bunch argues that the penalty imposed by the Board was unreasonable in light of the circumstances, relying on *Kobylski v. Milk Marketing Board,* 101 Pa.Commonwealth Ct. 155, 516 A.2d 75 (1986). However, the Supreme Court in *Slawek* overruled *Kobylski* and its progeny, holding that:

[W]e believe that the proper review of the agency's action, assuming that it was not defective under the self-explanato-

ry requirements of the Administrative Agency Law, is not whether its order was reasonable, but whether it was made in 'accordance with law' (i.e., whether it was made in bad faith, and whether it was fraudulent or capricious).

*Slawek,* 526 Pa. at 322, 586 A.2d at 365 (footnote omitted). Bunch cannot assert that the revocation of his license was an abuse of discretion because, as in *Slawek,* Section 26(a) of the Act *requires* revocation or suspension. Only if Bunch demonstrated that the Board's actions were in "bad faith, fraudulent or capricious" may we reverse the Board's application of Section 26(a).

■ Finally, Bunch asserts that the procedure of Section 20(a) of the Act, 63 P.S. § 734.20(a), permits the commingling of the prosecutorial and adjudicatory functions of the Board. Section 20(a) of the Act states:

(a) General rule.—The Board may, *upon its own motion,* and shall, promptly upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, *investigate any action* or business transaction of any person licensed by the board *and may temporarily suspend or permanently revoke* licenses issued by the board or impose a civil penalty not exceeding $1,000 at any time when, *after due proceedings, provided in this act, it finds the licensee to have been guilty* in the performance or attempt to perform any of the acts prohibited to others than licensees under this act, . . . .

(Emphasis added.)

The Board counters, arguing that Bunch waived this argument because he failed to present it before the Board. However, Pa.R.A.P. 1551(a)(1) specifically authorizes this Court to consider this issue. The rule provides:

(a) **Review of quasi judicial orders.**—Review of quasi judicial orders shall be heard by the court on the record. No question shall be heard or considered by the court which was not raised before the government unit except: (1) Questions involving the validity of a statute.

In *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Beer and Pop Warehouse, Inc.*, 145 Pa.Commonwealth Ct. 355, 603 A.2d 284 (1992), we held that facial constitutional challenges need not be preserved before a governmental unit. The reasoning for this is that an administrative agency does not have the authority to rule on the validity of its own enabling legislation. *See Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County*, 459 Pa. 268, 328 A.2d 819 (1974). The Supreme Court explained:

> The reason, we believe, is that the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled. *See Philadelphia Life Insurance Co. v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963). The more clearly it appears that the question raised goes directly to the validity of the statute the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise.

*Borough of Green Tree*, 459 Pa. at 281, 328 A.2d at 825.[3]

We have carefully reviewed the statute in question, and it is obvious that Section 20(a) imbues the Board with authority to investigate, prosecute, and adjudge an auctioneer for violations of the Act.

In *Lyness v. Commonwealth, State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992), the Supreme Court held that the due process provisions embodied in Article I, §§ 1, 9 and 11 of the Pennsylvania Constitution prohibit a single body from both making the decision to bring disciplinary proceedings and deciding the same proceedings. The Court ruled that due process is applicable to the right to pursue a livelihood or practice a profession, explaining:

> In determining what process is due Pennsylvania citizens, this Court has established a clear path when it comes to

---

3. The Board here properly refused to rule on the constitutionality of the enabling legislation relying, on *Borough of Green Tree*. However, it cannot now assert that Bunch waived his constitutional challenge by failing to present the very issue the Board held it could not rule upon.

commingling prosecutorial and adjudicatory functions. There is a strong notion under the Pennsylvania law that even an *appearance* of bias and partiality must be viewed with deep skepticism, in a system which guarantees due process to each citizen.

*Id.* at 542, 605 A.2d at 1207 (emphasis in original). The Supreme Court further held that a decision to authorize a disciplinary proceeding is inconsistent with the fact-finding function, and that the same body cannot exercise both.

The accused is forced to face the same body which heard allegations and formed prosecutorial judgments concerning probable cause (some of it perhaps inadmissible as formal evidence), now dressed in the robe of an impartial jurist. Such a schizophrenic face of justice, poses subtle dangers which threaten complete objectivity and is not permissible under the due process guaranty of the Pennsylvania Constitution, as interpreted by this Court for over three decades.

*Id.* at 549, 605 A.2d at 1211 (footnote omitted).

Our analysis of the Board's functions in this case require us to hold that Section 20(a) of the Act improperly allows the commingling of the prosecutorial and adjudicatory roles in the Board.[4]

In view of such constitutional infirmities, which the Supreme Court also found in *Lyness*, we reverse the Board's order and remand to the Board with instructions to devise a non-commingled approach to Bunch's appeal.

## ORDER

AND NOW, this 14th day of January, 1993, the order of the State Board of Auctioneer Examiners in the above-captioned

---

4. Had the Board only been required to revoke Bunch's license because of one of the specifically listed offenses, then one could argue that the application of Section 20(a) would be harmless error. However, Section 26(a) of the Act required the Board to make a finding that bid pooling was a "like offense," and, thus, was not automatic. Therefore, the Board's actions cannot be considered harmless error.

matter is hereby reversed and remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

SMITH, J., dissents.