**Merton W. STILES, Petitioner,**

v.

**AUCTIONEERS EXAMINERS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2002.

Decided Feb. 20, 2003.

Merton W. Stiles, Petitioner, Pro Se.

Bernadette Paul, Harrisburg, for Respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Merton W. Stiles (Stiles) petitions for review of an order of the State Board of Auctioneer Examiners (Board) which ordered Stiles to pay a civil penalty of $1000.00 for violating Section 20(a)(7) of the Auctioneer and Auction Licensing Act (Act), Act of December 22, 1983, P.L. 327, as amended, 63 P.S. § 734.20(a)(7). We affirm.

On May 19, 2000, Stiles conducted an auction at the Conrad Estate near Dilltown in Indiana County (Conrad auction). Stiles employs an apprentice auctioneer, Charles Varner, Sr. (Varner), who assisted Stiles in conducting the Conrad auction. During the auction, Stiles announced that he would be selling automobiles and farm equipment at one location on the farm. He also announced that at the same time, Varner would be selling merchandise which was located in the garage and basement of the farmhouse. A tiller and some lawnmowers and other equipment were located where Varner was selling items. Before leaving this area, Stiles announced that he would sell the tiller and mowers on his return from conducting the auction sale of the automobiles at the other location on the farm. After Stiles left, Varner sold most of the items at the farmhouse and garage, then sent a runner to ask Stiles if he should continue and sell the lawnmowers and tiller. The runner spoke to Stiles and returned to Varner with a message. Varner then auctioned the lawnmowers and tiller. Martin Hughes (Hughes) was the successful bidder for the tiller in the amount of $150.00. Varner announced that the tiller was sold to Hughes.

Stiles returned from the area where he was auctioning automobiles with the group of auction buyers who had been with him. Some of these buyers were upset because Varner had sold the tiller and demanded that Stiles resell the tiller. While Hughes was loading the tiller into his truck, he was approached by one of Stiles' agents who advised Hughes that the sale of the tiller was not final. Stiles then retrieved the tiller from Hughes and re-auctioned it, starting the bidding at Hughes' amount of $150.00. Hughes was not the successful bidder on the tiller when Stiles auctioned it for a second time.

■ Hughes filed a complaint with the Board. On November 5, 2001, a hearing was held before the Board. The Board concluded that Stiles violated Section 20(a)(7) of the Act when he demonstrated incompetence by retrieving the tiller from the successful buyer at auction and by auctioning the property for a second time. The Board ordered Stiles to pay a civil penalty of $1000.00. Stiles now petitions our Court for review.[1]

■ Stiles contends that the Board erred in failing to find that he had the right to reopen the bid. Stiles argues that

---

1. Our review of a Board's decision is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bunch v. State Board of Auctioneer Examiners*, 152 Pa. Cmwlth. 616, 620 A.2d 578 (1993), appeal denied, 537 Pa. 635, 642 A.2d 488 (1994).

the Board should have considered other situations that would allow him to reopen the bid under Section 2328 of Article 2, Sales, of the Uniform Commercial Code (Code), 13 Pa.C.S. § 2328(b), that they only considered the first part of Section 2328(b) of the Code and did not consider or understand the circumstances that allowed for the reopening of the bid.

Section 20 provides in pertinent part as follows:

> (a) General rule.—The board may, upon its own motion, and shall, promptly upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any person licensed by the board and may temporarily suspend or permanently revoke licenses issued by the board or impose a civil penalty not exceeding $1,000 at any time when, after due proceedings provided in this act, it finds the licensee to have been guilty in the performance or attempt to perform any of the acts prohibited to others than licensees under this act, as follows:
>
> . . .
>
> (7) Any act or conduct in connection with a sales transaction which demonstrates incompetency, bad faith or dishonesty.

63 P.S. § 734.20(a)(7). Section 2328 of the Code provides in pertinent part as follows:

> (b) When sale complete.—A sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner. Where a bid is made while the hammer is falling in acceptance of a prior bid the auctioneer may in his discretion reopen the bidding or declare the goods sold under the bid on which the hammer was falling.

13 Pa.C.S. § 2328(b).

Stiles argues that because he had informed the public that he would return to auction off the disputed item that the associate auctioneer erred in selling the item and that in doing so the public was not properly informed of the auction, that as a result bidders who wished to bid on the items were not present at the time of the auction, and that Section 2328(b) allows an auctioneer the option of reopening the bid when he or she recognizes that one or more bidders were wanting to bid at "the time the hammer was falling".

Stiles has misconstrued the law as it applies to his case. The Code allows the auctioneer to reopen a bid if it is made "while the hammer is falling." The Code does not allow a person to come in after the sale is final and say that he had intended to bid on an item and therefore, the auctioneer should go retrieve and resell it. The Code refers to the time period between when the auctioneer raises the hammer and when the hammer actually falls as the time period for which a person may have yelled out a bid and the auctioneer may reopen the bid to accept this proposal and continue with the bidding. Once the hammer falls and the sale is final, the auctioneer may not retrieve and resell an item.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 20th day of February, 2003, the order of the Auctioneers Examiners Board in the above captioned matter is affirmed.