**JonErik M. KRAMER, Petitioner**

**v.**

**STATE BOARD OF AUCTIONEER EXAMINERS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 2009.

Decided Aug. 14, 2009.

JonErik M. Kramer, petitioner, pro se.

David Markowitz, Asst. Counsel and Gregory E. Dunlap, Acting Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

JonErik M. Kramer (Kramer) petitions, *pro se*, for review of an order of the State Board of Auctioneer Examiners (Board) which denied Kramer's application for licensure as an auctioneer on the bases that Kramer did not qualify for licensure under Section 3(e) of the Auctioneer Licensing and Trading Assistant Registration Act (Act) and did not qualify for a waiver pursuant to Section 11(b) of the Act.[1] We affirm.

On January 4, 2008, Kramer filed an application for examination eligibility for nonresidents with the Board. The Board provisionally denied Kramer's application, stating that he did not qualify for licensure under Section 3(e) of the Act, as he did not complete either a two-year apprenticeship as a Pennsylvania licensed auctioneer apprentice or a prescribed course of study at a school approved by the Board. The Board also determined that Kramer did

---

1. Act of December 22, 1983, P.L. 327, *as amended,* 63 P.S. §§ 734.1–734.31. Section 3(e) of the Act provides as follows:

 (e) Qualifications for auctioneer license.—To qualify for an auctioneer license, a person must have passed the prescribed examination after having:

 (1) served an apprenticeship as a licensed apprentice auctioneer for a period of not less than two years in the employ of a qualified auctioneer and participated for compensation in no less than 30 auctions; or

 (2) successfully completed a prescribed course of study in auctioneering of at least 20 credit hours at a school approved by the board.

63 P.S. § 734.3(e). Section 11(b) of the Act relates to nonresident licensees and provides as follows:

 (b) Waiver of certain requirements.The board may waive the requirement for serving an apprenticeship or completing a course of study in auctioneering if the nonresident was:

 (1) licensed by another state for at least two years; or

 (2) established in the business of auctioneering for at least two years and, in the case of states that do not require a license, the board reviews the application to determine the qualifications of the applicant.

63 P.S. § 734.11(b).

not qualify as a nonresident for a waiver of the requirements of Section 3(e) of the Act, pursuant to Section 11(b) of the Act, 63 P.S. § 734.11(b), as he is a resident of Pennsylvania.

On February 20, 2008, Kramer, by letter, appealed the provisional denial and asked for a formal hearing. On March 10, 2008, a hearing was held before the Board. Kramer represented himself against the Commonwealth and testified that during the weeks between the provisional denial and the formal hearing, he completed courses in various aspects of auctioneering administered by a school called the Continental Auctioneers School (Continental) in Mankato, Minnesota.

The record was held open to allow Kramer to provide documentation from Colonel Johnny Kramer (Colonel Kramer), Kramer's father and owner of Kramer Auctions, for whom he testified that he was an apprentice auctioneer and for a transcript or letter indicating how many credits Continental Auctioneers School purports to have been included as part of its program. Kramer submitted such documentation on March 14, 2008. The Board considered the full record at its May 12, 2008 meeting.

The Board set forth the following relevant findings of fact:

4. Applicant is not licensed as an apprentice auctioneer in this Commonwealth.

5. Applicant testified that during weeks between the provisional denial and the formal hearing, he completed courses in various aspects of auctioneering administered by a school called the Continental Auctioneers School (Continental) in Mankato, Minn. (N.T. at 9, 30–36, and 46–48; Exhibit P–1 at certificates of completion; letter dated March 11, 2008, from Rich Haas, President of continental, submitted by fax on March 14, 2008)

6. Continental is not a school approved by this Board. (Board records)

7. Applicant lists the following address on his application: 561 South 4th Ave., Yuma, Arizona 85364, with phone numbers in Arizona and Pennsylvania. (Exhibit B–1, Application)

8. Applicant was born in Pennsylvania. (N.T. at 52)

9. Applicant has a residence in Pennsylvania and that Pennsylvania is his "home base." (N.T. at 51–52)

10. Applicant registers his car in Pennsylvania. (N.T. at 51)

11. Applicant is registered to vote in Pennsylvania. (N.T. at 51)

12. Applicant holds a license as a real estate sales person, License No. RS–298125, issued on June 16, 2006, by the Pennsylvania State Real Estate Commission; his last address on file with the Commission was in Newtown Square, Delaware County. (Records of Real Estate Commission)

13. Since June 2006, Applicant has worked for Long and Foster Real Estate, Inc., in Newtown Square, Delaware County, as a real estate salesperson doing business in Philadelphia's Center City and Main Line suburbs. (Exhibit B–1, application at attached resume and letter; Exhibit B–2, letter appealing provisional denial; N.T. at 50–51; Exhibits P–2 through P–10)

14. Since May 2003, Applicant has owned Bell Dental, Inc., a general dentistry practice, in Rittenhouse Square, Philadelphia. (Exhibit B–1, application at attached resume)

15. Applicant is married, apparently to Loann T. Phan, DDS, the licensed dentist who works for Bell Dental; both Dr. Phan and Applicant have the same New-

town Square address on file with the State Board of Dentistry and the Real Estate Commission. (N.T. at 25 and 35; records of the State Board of Dentistry and the Real Estate Commission; *see also* Exhibits P–2 to P–4 and P–6, advertisements for Bell Dental)

16. Since April 1995, Applicant has been owner/manager of "The Wild Side," an "extreme sports retail store, and wholesale supply"; no information about the location of the business is in the record other than the phone number in the footer of Applicant's letterhead, which lists a 610 area code; the Board takes administrative notice that the 610 area code encompasses most of Philadelphia's suburbs. (Exhibit B–1, application at attached resume and letter)

17. Applicant's resume indicates that from July 2000 to May 2002, he was employed at Murphy Ford Lincoln Mercury; he testified that Murphy is located in Chester, Pennsylvania. Exhibit B–1, application at attached resume; (N.T. at 49)

18. Applicant testified that he "moved iron" for Murphy and that he was licensed to do automobile sales. (N.T. at 49)

19. The records of the State Board of Vehicle Dealers, Salespersons, and Manufacturers do not contain a record of a license having been issued to Applicant. (Records of State Board of Vehicle Dealers, Sales persons, and Manufacturers)

20. Applicant has maintained throughout this matter that he was an apprentice auctioneer for Kramer Auctions, a company owned by Colonel Johnny Kramer, his father, and that he did work for Colonel Kramer in the states of Arizona, Louisiana, and South Carolina. (Exhibit B–1, application and attachments; Exhibit B–3, letter appealing provisional denial; N.T. at 9, 18–20; undated letter of Colonel Johnny Kramer submitted by fax after hearing on March 14, 2008)

21. Applicant's filing and testimony were to the effect that he has worked as an apprentice to Colonel Kramer since 1997, "steadily for 6 years and on and off before then for approximately four years." (Application at attached resume and N.T. at 23)

22. A business card for "Kramers $1,000.00 to $1.00 Shops" lists a New Orleans, Louisiana ("Nola") address for the company, but lists Applicant as "Erik," with a phone number in the 610 area code; the Board takes administrative notice that the 610 area code encompasses most of Philadelphia's suburbs. (Business cards accompanying additional evidence submitted by fax on March 14, 2008)

23. Applicant does not own the Kramer Auctions company (N.T. at 26) and did not sign contracts for the company (N.T. at 22).

24. Applicant is not licensed as an apprentice auctioneer in the states where he testified Colonel Kramer does business as an auctioneer and where he acted as an apprentice for Colonel Kramer. (N.T. at 42 and 45)

25. Applicant indicates in the "Kramer Auctions" portion of his resume that he "participated in" automobile auctions in the Commonwealth (Manheim and P.A.D.E.). (Application at attached resume)

26. Applicant in his testimony indicated that he was not working for the auto auctions or for Colonel Kramer during his participation in them, but was purchasing stock for Murphy Lincoln Ford Mercury, where he worked from July 2000 to May 2002. (N.T. at 48)

Board's Decision, Findings of Fact Nos. 4–26, at 3–6. The Board concluded that

Kramer does not qualify to sit for the examination under Section 3(e) of the Act, 63 P.S. § 734.3(e), because he has not served an apprenticeship for at least two years with a qualified auctioneer nor has he successfully completed a prescribed course of study in auctioneering at a school approved by the Board. The Board also found that Kramer does not qualify for a waiver of the requirements of Section 3(e) under Section 11(b) of the Act, 63 P.S. 734.11(b), as he is a Pennsylvania resident. The Board further found that if Kramer was not a resident of Pennsylvania, he still would not qualify for the waiver under Section 11(b) of the Act, as he has not been established in a business of auctioneering in another state for at least two years. Board's Decision, Conclusions of Law Nos. 2–4, at 7. The Board denied Kramer's application for licensure as an auctioneer. Kramer now petitions our court for review.[2]

Essentially, Kramer contends that the Board erred in denying his application to sit for the auctioneer license examination and that the Board's findings of fact are not supported by substantial evidence.

First, we will address whether the Board erred in determining that Kramer did not qualify to sit for the auctioneer license examination under Section 3(e) of the Act, 63 P.S. § 734.3(e). Section 3(e) provides as follows:

(e) Qualifications for auctioneer license.—To qualify for an auctioneer license, a person must have passed the prescribed examination after having:

(1) served an apprenticeship as a licensed apprentice auctioneer for a period of not less than two years in the employ of a qualified auctioneer and participated for compensation in no less than 30 auctions; or

(2) successfully completed a prescribed course of study in auctioneering of at least 20 credit hours at a school approved by the board.

63 P.S. § 734.3(e).

Kramer contends that he is qualified to sit for the examination under Section 3(e)(1) and (2) of the Act. Kramer states that he worked as an apprentice to Colonel Kramer, his father, for many years and, since his provisional denial letter from the Board, he completed courses in auctioneering at the Continental School of Auctioneering in Mankato, Minnesota.

The Board found that Kramer did not serve as an apprentice to Colonel Kramer, as Kramer is not and never has been, a licensed apprentice auctioneer in Pennsylvania. Further, the Board determined that Kramer is not registered as an apprentice auctioneer in Louisiana or North Carolina, which also require the licensing of apprentice auctioneers. Pursuant to Section 3(a) of the Act, an apprentice auctioneer must obtain a license prior to acting as an apprentice auctioneer. 63 P.S. § 734.3(a). Because Kramer was not a licensed apprentice auctioneer, the Board correctly determined that he did not qualify under Section 3(e)(1) of the Act.[3]

---

2. Our review of a Board's decision is limited to determining whether constitutional rights were violated, an error of law committed, or whether necessary findings of fact are supported by substantial evidence. *Bunch v. State Board of Auctioneer Examiners,* 152 Pa. Cmwlth. 616, 620 A.2d 578 (1993), *appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994).

3. We further note that the record is void of any proof that Kramer "participated for compensation in no less than 30 auctions," as is required by Section 3(e) of the Act. Applicants are required to submit information regarding the dates and locations of the auctions they participated in. 63 P.S. § 734.5(a). No such information was given by Kramer, either in writing or by testimony at the hearing.

 The Board also determined that Kramer did not complete a course of study in auctioneering at a school approved by the Board as is required by Section 3(e)(2) of the Act. After Kramer's provisional denial by the Board, he took a course in auctioneering at a school that he knew was not approved by the Board. Notes of Testimony (N.T.), March 10, 2008, at 47. As Section 3(e) of the Act requires that the school be approved by the Board, the Board was correct in finding that Kramer failed to meet this requirement as well.[4]

 Next, we will address whether the Board erred in determining that Kramer was a resident of Pennsylvania and, thus, does not qualify for a waiver of the requirements of Section 3(e) of the Act as a nonresident auctioneer pursuant to Section 11(b) of the Act.

A nonresident is defined in Black's Law Dictionary 1084 (8th ed.2004), as "[o]ne who does not live within the jurisdiction in question." Kramer listed an address in Arizona on his application. However, Kramer also testified to extensive employment and business dealings in Pennsylvania. Kramer testified that his home base was in Pennsylvania, that he is registered to vote in Pennsylvania, that he registers his car in Pennsylvania, that his wife's dental practice is in Pennsylvania, and that his real estate sales business is in Pennsylvania. N.T. at 40–52.

The Board determined that Kramer's filings and testimony "leave much to be desired with regard to candor and credibility." Board's Decision, at 9. The Board

found that Kramer is a resident of Pennsylvania, stating that:

> Applicant lives at least part of the time in the Commonwealth, registers his car here, votes here, and currently works for and/or owns three businesses here. Applicant's wife is a licensed dentist in the Commonwealth and works at Applicant's Bell Dental business in Rittenhouse Square. Applicant is licensed as a real estate salesperson with a record business in Rittenhouse Square. Applicant is licensed as a real estate salesperson with a record address in this Commonwealth. As mentioned above, Applicant acknowledged that Pennsylvania is his "home base."

Board's Decision, at 13. The Board's findings are supported by substantial evidence of record. The Board did not err in denying Kramer's application for licensure as an auctioneer.[5]

Accordingly, we must affirm the decision of the Board.

### ORDER

AND NOW, this 14th day of August, 2009, the order of the State Board of Auctioneer Examiners in the above-captioned matter is affirmed.

---

4. Kramer asserts that requiring a school to be approved by the Board is discriminatory and that the requirements for licensure limit competition. These contentions are for the legislature and not this court or the Board.

5. We need not address the merits of whether the Board erred in determining that Kramer

did not qualify for the waiver under Section 11(b) of the Act, as we have determined that the Board was correct in determining that Kramer was a resident of Pennsylvania and, thus, does not get past the initial qualification for that waiver.