590 A.2d 1360

Katherine **DELKER**, Petitioner,

v.

**PENNSYLVANIA STATE HARNESS RACING COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1991.

Decided May 6, 1991.

Howard A. Taylor, Philadelphia, for petitioner.

Randall N. Sears, Asst. Counsel, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The present case, in which Petitioner, Katherine Delker, seeks review of an order of the Pennsylvania State Harness Racing Commission (Commission) imposing a two year suspension of her license as a horse trainer, returns to this Court after remand to the Commission for reconsideration, pursuant to our order of October 15, 1990. *See Delker v. Pennsylvania State Harness Racing Commission*, 135 Pa.Commonwealth Ct. 485, 581 A.2d 258 (1990).

We will repeat only such facts as are necessary to our discussion here. On July 30, 1989, Petitioner had two horses entered in races at Pocono Downs Race Track. Petitioner attended to one of the horses, and left the other

horse, Uphill, in the care of a hired man referred to by the name "Butch." Uphill finished first in the twelfth race. Following the race, a urine sample was taken from the horse in accordance with the Commission's rules governing post-race testing.[1] The urine sample tested positive for the drug "Nalbuphine," which was described by Commission Hearing Officer Turgeon as being a non-narcotic pain killer. (Findings of Fact Nos. 19 & 20). It was found by the hearing officer that Petitioner had violated a Commission regulation charging trainers with the responsibility of guarding their horses to prevent drugs from being administered to the horses. See 58 Pa.Code § 183.357. Hearing Officer Turgeon recommended a 30 day suspension of Petitioner's trainer's license, but the Commission imposed a two year suspension.

Petitioner raised two issues in her petition to this Court. In our earlier opinion we were able to resolve Petitioner's first issue, in which she argued that a fine should have been imposed instead of a suspension, finding no error by the Commission. However, we remanded this matter to the Commission for reconsideration after concluding that we could not conduct a proper review as to Petitioner's second issue, in which she essentially contends that the Commission abused its discretion in imposing a suspension of her trainer's license for the length of two years. Our ability to review this issue was impaired since the Commission had not provided any explanation for its decision to reject its hearing officer's recommendation of a 30 day suspension and instead impose a suspension of such greater length.

We retained jurisdiction over this matter, and directed that upon reconsideration the Commission was to:

(1) Indicate which, if any, of the findings of fact and conclusions of law reached by Hearing Officer Turgeon are accepted by the Commission.

(2) Set forth any new or additional findings of fact or conclusions of law which the Commission has reached, based solely on the existing evidence of record, and

1. See 58 Pa.Code § 183.352(a).

without holding additional hearings or taking additional testimony.

(3) Explain its reasoning in imposing whatever suspension period is deemed appropriate upon reconsideration.

Our order directed the Commission to file its decision upon reconsideration within 30 days of our order. The Commission filed an *ORDER ON RECONSIDERATION*, dated November 8, 1990, in which it again imposed a two year suspension of Petitioner's trainer's license.

█  The parties were permitted to file briefs and present oral argument relating to this latest Commission order. We now resume our consideration of Petitioner's petition for review. In so doing, we are mindful that an adjudication of the Commission must be affirmed unless constitutional rights are violated, an error of law is committed, procedural rules are violated, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of Mc-Govern v. State Employees' Retirement Board*, 512 Pa. 377,.517 A.2d 523 (1986); *Reichard v. State Harness Racing Commission*, 92 Pa.Commonwealth Ct. 445, 499 A.2d 727 (1985).

In its November 8, 1990 order, the Commission states that it accepts all of Hearing Officer Turgeon's Conclusions of Law, and all but two of her Findings of Fact. First, the Commission does not accept Finding of Fact No. 20. This finding reads, "Nalbuphine is not a narcotic or a 'schedule' drug but must be prescribed by a doctor. (Appellant's Exhibit's [sic] # 1, and # 2; Transcript pp. 33–36)." In its latest order, the Commission has modified this finding to now read, "Nalbuphine is a narcotic which, although not a 'schedule' drug, must be prescribed by a doctor. (Appellant's Exhibit's [sic] 1 and 2; transcript pp. 32–39)."

█  Petitioner argues that the Commission offers no proof to support its assertion that Nalbuphine is a narcotic. However, a review of the transcript reveals that there is testimony by Dr. Cornelius Uboh, Director of the Pennsyl-

vania Race Horse Testing Laboratory, that Nalbuphine is a narcotic for which a prescription would be needed. (N.T. pp. 32 and 34).[2] We find that this testimony constitutes substantial evidence to serve as a basis for modified Commission Finding of Fact No. 20.

Second, the Commission states that it rejects as "speculative" Hearing Officer Turgeon's Finding of Fact No. 24. This finding reads, "The testimony leads this Hearing Examiner and the Commission to believe that the horse could have been drugged through sabotage at the Pocono Down or at the farm in Wilmington, Delaware [where Uphill was stabled]. (Transcript pp. 41–42)." We note that the very next finding states, "Katherine Delker did not drug this horse. (Transcript p. 43)." *See* Finding of Fact No. 25. The Commission does not specifically indicate in its November 8, 1990 order and discussion that it has rejected Finding of Fact No. 25. However, the briefs of both parties contain numerous statements which indicate that they are under the impression that the Commission has rejected the finding that Petitioner did not drug her horse,[3] which is finding No. 25, not finding No. 24. It is distressing that even after remand to the Commission this Court is left guessing as to which of these two findings the Commission intended to reject. However, it would appear that the Commission intended to reject Finding of Fact No. 25, and we so find.

■ Petitioner contends that a rejection of this finding as "speculative" is, itself, nothing more than mere speculation. This is true, of course, but does not constitute reversible error. There is no evidence in this record upon which the Commission could make a finding that Petitioner *did* drug her horse. But this circumstance does not mean that the Commission may not reject the finding of its hearing officer that Petitioner *did not* drug her horse. The Commission's regulations provide that any final order and adjudication of

2. We note that the drug, Nalbuphine, is described as a narcotic in *The Merck Manual* [15th Ed.,1987], p. 2483.

3. *See, e.g.,* Petitioner's Brief at pp. 6, 8–9, 11, and 13; Respondent's Brief at pp. 16–17.

the Commission must be based upon the record made at a hearing conducted by the Commission or its designated hearing officer. *See* 58 Pa.Code § 185.84(a). However, neither this regulation, nor any authority offered by Petitioner, provides that the Commission is bound to accept its hearing officer's finding on such a question.

■ Finally, the Commission offers this explanation of its rationale in imposing a two year suspension on Petitioner:

> The Commission believes that Hearing Officer Turgeon's conclusion that Nalbuphine is not a narcotic led her to conclude that a suspension of thirty days was proper. The Commission disagrees. The presence of a narcotic, pain-reducing drug in a horse is a serious violation of the Commission's medication rules. The Commission believes, based upon its expertise in harness racing, that a horse that has been treated with a pain-reducing narcotic is more likely to injure itself and endanger others participating in the race. The suspension imposed is more severe than that imposed when non-narcotics are detected in horses. The severity of the suspension, however, is warranted both because of the seriousness of the drug involved and because of the deterent [sic] effect the suspension will have on others.

ORDER ON RECONSIDERATION, pp. 2–3.

In response, Petitioner continues to assert that the Commission committed an abuse of discretion in suspending her for a two year period. Having disputed the seriousness of the drug involved, and maintained her insistence that she did not drug her horse, Petitioner builds upon these previous assertions to contend that the Commission, by setting a two year penalty here, "clearly abused its discretion in the imposition of such a lengthy and burdensome suspension." (Petitioner's Brief, p. 7). Petitioner discounts any suggestion that the penalty will have a deterrent effect "as one cannot deter others from committing a violation by punishing someone who is innocent of the violation herself." (*Id.*, p. 6).

We understand Petitioner's position, and are not unsympathetic to her situation. However, we conclude that we must affirm the decision of the Commission to impose a two year suspension in this matter.

Our Supreme Court, in the case of of *Slawek v. Board of Medical Education & Licensure*, 526 Pa. 316, 586 A.2d 362 (1991), has recently cautioned this Court to exercise judicial restraint in reviewing administrative orders, and to refrain from substituting our own judgment for that of the administrative body whose order is being reviewed. *Slawek* quotes the following language from a case which it refers to as being the Pennsylvania Supreme Court's seminal case on appellate review of administrative agency decisions:

By a host of authorities in our own and other jurisdictions it has been established as an elementary principle of law that courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited [ ... ]. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion.

*Id.*, 526 Pa. at 321, 586 A.2d at 365, quoting *Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 572–73, 109 A.2d 331, 334–35 (1954) (emphasis in original) (footnotes omitted).

Keeping this standard in mind, we do not believe that Petitioner has successfully demonstrated an abuse of discretion on the part of the Commission in imposing a two year suspension here. There is no allegation of bad faith, of fraud, or that the Commission's decision was arrived at in some arbitrary or capricious manner. Petitioner basical-

ly contends that, under the circumstances of this case, a two year suspension of her trainer's license is unfair. Although others might share Petitioner's viewpoint, we find that the decision to impose a two year suspension of Petitioner's trainer's license for a violation of the Commission regulation codified at 58 Pa.Code § 183.357 lies within the discretion that has been vested in the Commission. *See* Section 301 of the Race Horse Industry Reform Act, Act of December 17, 1981, P.L. 435, 4 P.S. § 325.301.

Having concluded that Petitioner has failed to demonstrate any error of law by the Commission, and having determined that disputed Finding of Fact No. 20 is supported by substantial evidence, we are constrained to affirm the order of the Commission.

## ORDER

AND NOW, May 6, 1991, the order of the Pennsylvania State Harness Racing Commission in the above-captioned matter is hereby affirmed.