Christ ZOOK, Petitioner,

v.

**STATE BOARD OF DENTISTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1996.

Decided Oct. 8, 1996.

John P. Mihelcic, for Petitioner.

Judith Pachter Schulder, for Respondent.

Before KELLEY and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Christ Zook (Petitioner) petitions for review of an order of the State Board of Dentistry (Board), which ordered Petitioner to cease and desist from engaging in the practice of dentistry without a license and imposed a civil penalty of one thousand dollars.

Petitioner, a subsistence farmer with ten children, is a member of the Nebraska Amish. His religion forbids its members to have health insurance; in times of need, the Amish community collectively pays medical bills incurred by its members.

On May 5, 1993, the Bureau of Professional and Occupational Affairs issued an Order to Show Cause which, in pertinent part, charged Petitioner with engaging in the practice of dentistry without a license. The order specifically alleged that: Petitioner maintains dental equipment and instruments and performs tooth extractions on members of the Amish community at his farm and farmhouse; Petitioner pulled his first tooth approximately nine years ago; Petitioner saw "patients" during the months of November and December of 1992; and, on December 2, 1992, Petitioner pulled 22 teeth from one "patient" and 18 teeth from another.

After several continuances, Petitioner waived his right to a formal hearing by letter dated June 8, 1994. In this letter, Petitioner explained that many in the Amish community cannot afford to go to a dentist; he expressed concern that people would try to attend to problems themselves and would suffer without his services.

Based upon the admitted facts,[1] the Board found that Petitioner practiced dentistry without a license, including the extraction of 22 teeth from one patient and 18 teeth from another, in violation of Section 10(a) of The Dental Law (Law).[2] The Board noted that multiple extractions involve a great deal of blood loss and that the consequences of extraction by an untrained and unqualified person include uncontrolled hemorrhage and infection. The Board further noted that dentists monitor blood pressure, administer anesthetic and other medication, and must be able to make a medical assessment about systemic health and carry out treatment, in order to make sure that extractions and other dental procedures are not life threatening. The Board noted that Petitioner is not educated in dental anatomy, skilled in dental procedures or trained with respect to sterilization and infection control methods. In addition, as an unlicensed person, Petitioner is precluded from prescribing medications needed to dull pain, promote healing and reduce the risk of infection.

The Board refused to conclude that the Amish would not otherwise use the services of a dentist, in the absence of evidence to support that conclusion. Accordingly, the Board found no mitigating facts and imposed the maximum civil penalty permissible under Section 10(a) of the Law.

On appeal to this Court, Petitioner argues that, because he treats only members of his community and not the general public, the state does not have a compelling interest to interfere in this case and should make an accommodation for what Petitioner charac-

---

1. In his letter, Petitioner does not deny the allegations against him; in fact, he states that he is "willing to take [his] punishment for the sake of [his] people". The Board characterizes his letter as a general denial and cites 1 Pa.Code § 35.37, which provides that a mere general denial is deemed an admission.

2. Act of May 1, 1933, P.L. 216, *as amended*, 63 P.S. § 129(a).

terizes as his religious beliefs. Petitioner asks that this Court reverse the Board's order or, alternatively, waive or reduce the civil penalty.

As the Board notes, Petitioner's argument is essentially one of economics, rather than religion. Petitioner contends that without his services members of his community would not seek dental care and would needlessly suffer. This is an argument that could be made by many citizens who cannot afford insurance, irrespective of their religious affiliation.

■ We note that Petitioner's religion only prohibits the purchasing of health insurance, not health care services. Members of the Amish community admittedly obtain medical care from practitioners who are paid for their services by the Amish community. Petitioner does not argue that his religion prohibits the receipt of dental services from a licensed practitioner, or the receipt of dental services from a practitioner outside of the community. Moreover, Section 10(a) of the Law, which merely requires that practitioners of dentistry be licensed, does not impact on the conduct of recipients of dental care. While community members may feel obligated not to strain the community's financial resources, the Law does not mandate any conduct on their part. Accordingly, the Law does not interfere with the exercise of Petitioner's or the community's religious beliefs.[3]

■ Finally, although the Board's imposition of the maximum civil penalty seems unreasonably harsh, our scope of review is limited to a determination of whether the Board's decision is in accordance with the Law, not whether it is reasonable. *Slawek v. Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991). It is now well-settled that this Court may not substitute its judgment for that of the Board; absent bad faith, fraud, capricious action or abuse of power, we are constrained to affirm the Board's order imposing the maximum fine. *Bunch v. Board of Auctioneer Examiners*, 152 Pa.Cmwlth. 616, 620 A.2d 578 (1993); *Delker v. State Harness Racing Commission*, 139 Pa.Cmwlth. 481, 590 A.2d 1360 (1991).

Accordingly, the decision of the Board is affirmed.

### *ORDER*

AND NOW, this 8th day of October, 1996, the decision of the State Board of Dentistry is affirmed.

---

**3.** Because we so conclude, an analysis of First Amendment rights is not warranted.